# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| **GOWAN SEED COMPANY, LLC,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:23-cv-00431<br>) |
| **MOUZIN BROTHERS FARMS, LLC,** | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Gowan Seed Company, LLC ("**Gowan**"), by and through undersigned counsel, brings suit against Defendant, Mouzin Brothers Farms, LLC ("**Mouzin**"), and in support thereof states as follows:

## The Parties

1. Gowan is a limited liability company organized under the laws of the State of California, having its principal place of business in the state of Arizona.

2. Mouzin is a limited liability company organized under the laws of Indiana, having its principal place of business in the state of Indiana.

## Jurisdiction and Venue

3. For diversity jurisdiction purposes, Gowan and Mouzin have the citizenship of their members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members").

4. The members of Gowan are:

    a.    Stephen James Slocum, an individual who is domiciled in the State of California;

  b. Michael Edward Raine, Jr., an individual who is domiciled in the State of California;

  c. Scott Fritz Richards, an individual who is domiciled in the State of Arizona;

  d. David Anthony Silacci, an individual who is domiciled in the State of California;

  e. Marc C. Lagan, an individual who is domiciled in the State of California;

  f. Matthew Brian Rianda, an individual who is domiciled in the State of California;

  g. Russell H. Brown, an individual who is domiciled in the State of California; and

  h. Four express, traditional trusts,[1] the trustee of which is The Goldman Sachs Trust Company of Delaware, a Delaware corporation having its principal place of business in Wilmington, Delaware.

5. Upon information and belief, the members of Mouzin are:

  a. Ed Mouzin, an individual who is domiciled in the State of Indiana; and

  b. Dennis M. Mouzin, an individual who is domiciled in the State of Indiana.

6. This Court has subject matter jurisdiction over Gowan's claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

---

[1] In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980) and *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016), the U.S. Supreme Court confirmed a long-standing rule of jurisprudence that an express, "traditional" trust is not a juridical person—it is a fiduciary relationship—and, therefore, for purposes of diversity jurisdiction, only the citizenship of the trustee is considered.

7. Mouzin is subject to general personal jurisdiction in this Court because it is a limited liability company formed in Indiana with its principal place of business in Indiana. Gowan's claims also arise from acts undertaken by Mouzin in the state of Indiana.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Mouzin is a resident in this district and a substantial part of the events or omissions giving rise to Gowan's claims occurred in this district.

## Facts Common to All Counts

9. Gowan supplies vegetable and other seed to farmers.

10. Mouzin is a family-owned farm located in southern Indiana and Illinois that grows watermelon and squash, among other crops.

11. In approximately June of 2019, Mouzin began purchasing seeds for several crops from Gowan.

12. Since that time, Gowan and Mouzin (the "**Companies**") maintained an order-by-order, at-will relationship, whereby Mouzin would order product from Gowan via purchase orders, Gowan would deliver that product to Mouzin and invoice Mouzin, and Mouzin would pay the invoiced amount for the product to Gowan.

13. Gowan's invoices to Mouzin required payment either: (a) within 60 days, or (b) by September 30th of the year in which the invoice was issued, *e.g.,* an invoice issued in March of 2020 would have been due September 30, 2020. *See, e.g.,* March 18, 2021 e-mail with purchase order and corresponding invoice dated May 14, 2021[2] attached as **Exhibit A**. Pursuant to the terms

---

[2] Gowan's invoicing software automatically updates the payment terms on re-printed invoices. As a result, the invoice included within Exhibit A has a typographical error in that payment of the original invoice was due by 9/30/2021.

of the invoices, a finance charge of 1.25% per month (15% per *annum*) would be assessed on all accounts not timely paid.

14. Gowan mailed out the invoices to Mouzin following delivery of product.

15. From June of 2019 until January of 2020, Mouzin ordered product from Gowan and Gowan supplied Mouzin and sent five (5) invoices during that period of time, which Mouzin paid.

16. Gowan then issued a total of 99 invoices to Mouzin between January 8, 2020 and May 14, 2021 (the "**99 Invoices**") for seed product Mouzin ordered and Gowan delivered for a total of $2,556,738.41.

17. Starting on September 30, 2020, Mouzin made the following payments, which Gowan applied as follows:

   a. On or about September 30, 2020, Mouzin remitted a $86,959.00 payment, which was applied to invoices dated February 20, 2020, and July 6, 2020.

   b. On or about December 2, 2020, Mouzin remitted a $915,831.00 payment, which was applied to invoices dated January 8, 2020 through May 29, 2020.

   c. Between November 8, 2021 and December 30, 2021, Mouzin remitted $257,441.79, which was applied to invoices dated December 31, 2020 through February 25, 2021.

   d. On January 12, 2022, Mouzin remitted a $60,350.08 payment, which was applied in partial satisfaction of an invoice dated March 2, 2021. The total amount of the March 2, 2021 invoice was $96,376.00, and there is a balance of $36,025.92 remaining.

      e.      On May 26, 2022, Mouzin remitted a payment in the amount of $100,000.00, which was applied to invoices dated May 29, 2020. This payment only partially covered the outstanding balance of the May 29, 2020 invoices, which had a total balance of $123,353.92.

      f.      On June 27, 2022, Mouzin remitted a payment in the amount of $50,000.00, which was applied to invoices dated May 29, 2020 through June 8, 2020. This amount fully paid the invoices dated May 29, 2020, but left a balance of $638.54 for a June 8, 2020 invoice.

18.    After these payments, Mouzin still had an outstanding balance to Gowan for 33 invoices in the amount of $1,038,834.88 as of June 30, 2023, including invoice and finance charges.

19.    In or about October of 2021, Deloitte & Touche LLP conducted an audit of the Companies' business transactions and balance owed.

20.    In connection therewith, Mouzin reported that it owed Gowan $535,427.67 as of August 31, 2021—which amount included an unauthorized, inaccurate self-credit to Mouzin's account in the amount of $275,015.39, purportedly related to a dispute with Syngenta Crop Protection AG ("**Syngenta**") concerning seed produced by Syngenta and supplied by Gowan. *See* **Exhibit B** (Mouzin audit response).

21.    Mouzin is not entitled to the $275,015.39 credit because an investigation by Syngenta found no issues. As a result, Gowan has not applied this credit to the outstanding balance owed by Mouzin.

22.    When contacted by Gowan regarding the outstanding invoices in April of 2022, Dennis Mouzin claimed in an April 29, 2022 email that Mouzin had not been receiving invoices

for the last year, but "[t]his issue is being taken care [of] in our accounting department. It is what it is if we owe you on these invoices we will definitely pay."

## Discussions Surrounding Formalized Agreement Based on Yield

23. In or about January of 2020, Gowan and Mouzin had discussions about entering into a formal agreement concerning the purchase of watermelon seed.

24. The Companies were unable to agree on terms for a formal agreement.

25. The Companies continued to do business on an order-by-order, at-will basis.

26. Mouzin continued to order seed product and submit purchase orders to Gowan and Gowan continued to supply seed to Mouzin in response to those purchase orders until May 14, 2021, when the business relationship ended.

## Count I.  Breach of Contract

27. Gowan repeats and realleges the allegations set forth above in Paragraphs 1 through 26 as if fully set forth herein.

28. The fulfilled purchase orders from Mouzin and corresponding invoices from Gowan create a legally binding agreement as to each of those particular transactions.

29. Gowan was legally bound to ship seed product to fulfil purchase orders from Mouzin that Gowan accepted.

30. Gowan performed all of its obligations under the series of agreements by shipping the ordered product to Mouzin.

31. Mouzin was legally bound to pay for product it ordered and received.

32. Mouzin breached this obligation and has failed to pay for seed product that it ordered from Gowan, Gowan supplied and Mouzin accepted.

33. Mouzin has failed to compensate Gowan and owes a balance in the amount of $1,038,834.88 as of June 30, 2023, including invoice and finance charges.

## Count II. Conversion (Plead in the Alternative)

34. Gowan repeats and realleges the allegations set forth above in Paragraphs 1 through 26 as if fully set forth herein.

35. Mouzin assumed unauthorized control over Gowan's property for Mouzin's own use and benefit—in exclusion and defiance of Gowan's rights and under an inconsistent claim of title—when Gowan delivered the seed product Mouzin ordered between January 8, 2020 and May 14, 2021, which was billed by Gowan through the 99 Invoices that Mouzin failed to fully pay.

36. Following its June 27, 2022 payment, Mouzin has evinced an intent to retain Gowan's property—*i.e.* seed product—without payment therefor.

37. Gowan has an absolute right to immediate return of its product or the payment Mouzin owes Gowan for that seed product.

38. Since return of the seed product is impracticable, Gowan is entitled to immediate payment from Mouzin for such product.

39. Gowan has demanded that Mouzin tender payment for the seed product ordered and delivered through purchase orders, but Mouzin has refused.

40. Gowan has been damaged by Mouzin's conversion in an amount not less than $1,038,834.88 as of June 30, 2023.

## Count III. Unjust Enrichment (Plead in the alternative)

41. Gowan repeats and realleges the allegations set forth above in Paragraphs 1 through 26 as if fully set forth herein.

89710355.14

42. Mouzin expressly requested seed product from Gowan, which Gowan then delivered to Mouzin and expected payment therefor.

43. Mouzin has been unjustly enriched by the receipt of seed product from Gowan, which, upon information and belief, Gowan believes Mouzin planted and harvested, without paying for that seed product.

44. Mouzin's receipt and use of Gowan's seed product has been to Gowan's detriment as Gowan has not received compensation for its product.

45. Mouzin's retention of the benefit conveyed by receiving, planting, and harvesting seed product without paying Gowan for the seed product violates the fundamental principles of justice, equity, and good conscience.

46. In light of the foregoing, a judgment should be entered in favor of Gowan and against Mouzin in an amount not less than $1,038,834.88, as of June 30, 2023.

WHEREFORE, Plaintiff Gowan Seed Company, LLC prays that the Court enter judgment in its favor and against Defendant Mouzin Brothers Farms, LLC, as follows:

(a) Enter judgment in Gowan's favor and against Mouzin on Count I of the Complaint and award Gowan the amount of $1,038,834.88, plus additional invoice and finance charges and prejudgment interest;

(b) In the alternative, enter judgment in Gowan's favor and against Mouzin on Count II of the Complaint and award Gowan the amount of $1,038,834.88, plus prejudgment interest;

(c) In the alternative, enter judgment in Gowan's favor and against Mouzin on Count III of the Complaint and award Gowan the amount of $1,038,834.88, plus prejudgment interest; and

(d)     For such other and further relief as this Court deems just and appropriate.

>Respectfully submitted,
>
>*/s/ Joseph A. Panatera*
>Joseph A. Panatera (IN Bar No. 30251-64)
>Cassiday Schade LLP
>222 West Adams Street
>Suite 2900
>Chicago, IL 60606
>T: 312.641-3100
>Email: jpanatera@cassiday.com
>
>Rodney L. Lewis (*pro hac vice* application to be filed)
>POLSINELLI PC
>150 N. Riverside Plaza, Suite 3000
>Chicago, Illinois 60606
>T: (312) 819-1900
>Email: rodneylewis@polsinelli.com
>
>*Attorneys for Plaintiff*
>*Gowan Seed Company, LLC*

89710355.14